**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 24-125**

**ERICA LAURA SMITH**                                                                           **PLAINTIFF**

**v.**                                          **MEMORANDUM OPINION AND ORDER**

**COMMISSIONER OF SOCIAL SECURITY**                                      **DEFENDANT**

\*\*\*     \*\*\*     \*\*\*     \*\*\*

Plaintiff has brought this action pursuant to 42 U.S.C. 405(g) to challenge a final decision of the Defendant denying her application for disability insurance benefits and supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits alleging disability beginning on due to post-traumatic stress disorder (PTSD), anxiety, diabetes mellitus type II, neuropathy, fibromyalgia, herniated discs in her lower back, osteoarthritis, degenerative disc disease, restless leg syndrome, a cyst behind her left knee, arthritis of her knees, a history of substance abuse, a tumor on her ovary, insomnia/sleep disorder, irritable bowel syndrome (IBS), chronic obstructive pulmonary disease (COPD), asthma, gastroesophageal reflux disorder (GERD), acid reflux, H. pylori, and lupus.   This

1

application was denied initially and on reconsideration.   Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Matia Hodges (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified.   At the hearing, Linda Dezack, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. '416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:   If the claimant is performing substantial gainful work, he is not disabled.

Step 2:   If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. ' 416.920(b).

Step 3:   If the claimant is not performing substantial gainful work and has a severe   impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant=s impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant=s impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 336-350). Plaintiff was 51 years old at the time of the hearing decision. She completed two years of college, obtaining a degree in professional office administration (Tr. 362).   Her past relevant work experience is that telephone solicitor, complaint clerk, and teacher's aide (Tr. 376).

2

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2015, the alleged onset date of disability (Tr. 339).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease, asthma, COPD, diabetes mellitus, irritable bowel syndrome, fibromyalgia and obesity, which he found to be "severe" within the meaning of the Regulations (Tr. 339-341).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 341-342).

The ALJ further found that Plaintiff could perform her past relevant work of telephone solicitor and complaint clerk (Tr. 348).   The ALJ also determined that Plaintiff has the residual functional capacity ("RFC") to perform light work with certain postural and environmental limitations:

> [S]tand and/or walk four hours total in an eight-hour workday, 30 minutes at a time; frequently stoop, kneel, crouch, and balance as defined by the SCO of the DOT; occasionally climb ramps or stairs, and crawl; never climb ladders, ropes, or scaffolds; frequently finger; avoid concentrated exposure to temperature extremes, hazards of moving machinery and unprotected heights, and atmospheric conditions as defined by the SCO of the DOT; and a bathroom needs to be within 100 yards of her workstation.

(Tr. 342).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 349).

3

Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II.  ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as Asuch relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner=s decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

4

### B.    Plaintiff's Contentions on Appeal

Plaintiff seeks reversal and remand, asserting that the ALJ RFC is defective because it failed to account for her non-severe mental impairments. However, the ALJ was not required to specifically discuss each non-severe impairment in the RFC assessment to demonstrate that the impairments were considered. *See Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851–52 (6th Cir. 2020)[1]; *Lennon v. Comm'r of Soc. Sec.*, No. 2:21-cv-12942, 2023 WL 2733382, at *6 (E.D. Mich. Mar. 31, 2023); *Plotkowski v. Comm'r of Soc. Sec.*, No. 2:20-cv-12011, 2022 WL 413371, at *6 (E.D. Mich. Jan. 18, 2022) ("[T]here is no [ ] requirement that the RFC must include restrictions reflecting a non-severe condition in the RFC.").  Courts in the Sixth Circuit have concluded that mild mental impairments need not be incorporated into an RFC assessment. *Shamsud-Din v. Comm'r of Soc. Sec.*, No. 16-cv-11818, 2017 WL 3574694, at *6 (E.D. Mich. July 24, 2017) (citations omitted); *see also Phillips v. Comm'r of Soc. Sec.*, No. 3:22-cv-01144, 2023 WL 4078204, at *6 (N.D. Ohio Apr. 4, 2023) ("[M]ild limitations do not automatically mandate specific limitations in the RFC.") (citations omitted). Thus, even if the ALJ failed to adequately explain why and to what extent he considered Plaintiff's mental impairments in arriving at his RFC determination, he did not err.

To be sure, other courts in this district have found that an ALJ's failure to explain how a claimant's mild mental impairments affect the RFC determination could constitute reversible error if the ALJ did not address the claimant's mental impairments in reaching his RFC determination. *Shamsud-Din*, 2017 WL 3574694, at *6 (citations omitted). But here, the ALJ specifically discussed Plaintiff's mental impairments in his RFC analysis.

5

(Tr. 342-343). Further, the ALJ clearly stated that her determination was based on the entire record and all of Plaintiff's symptoms, mental and physical. The ALJ therefore did not err.

Notably, Plaintiff does not contest the ALJ's evaluation of her credibility. Moreover, her submissions to the Court suggest that she misconstrues the pertinent regulations. For example, she cites 20 C.F.R.§ 404.1520a as directing that the ALJ's Step 2 findings are used in formulating the RFC. This is incorrect. 20 C.F.R § 404.1520a sets forth what an ALJ must do when determining whether a plaintiff has a medically determinable impairment and whether an impairment is severe, not what an ALJ must do when assessing an RFC. Indeed, the only mention of the RFC belies Plaintiff's argument - "[i]f we find that you have a **severe** mental impairment(s) that neither meets nor is equivalent in severity to any listing, we will then assess your residual functional capacity." Id. § 404.1520a(d)(3) (emphasis added). Plaintiff has not identified any regulation which requires an ALJ to include the non-severe psychiatric findings from step two in the RFC assessment.   Simply put, Plaintiff has not established any error this regard.

Plaintff also argues that the ALJ "rejected" the opinion of consultative examiner Katherine Endicott, APRN. Ms. Endicott opined that Plaintiff "may have difficulty with climbing ladders or stairs and with prolonged walking, sitting, or standing" (Tr. 2238). She further opined that Plaintiff "may have difficulty" with repetitive bending over, twisting at the waist, and lifting and carrying heavy weights. *Id.*   Ms. Endicott provided additional environmental limitations. *Id.* She opined that Plaintiff's ability to squat "appears to be compromised, especially on a repetitive basis." *Id.* She stated that Plaintiff "should be

allowed opportunities to monitor and manage her blood glucose levels" (Tr. 2239). Lastly, she opined that Plaintiff was able to ambulate without the use of an assistive device, however, she "may benefit" from one when ambulating prolonged distances, climbing stairs, and for inclines. *Id.*

The ALJ specially stated that he found Endicott's opinion to be persuasive (Tr. 347) and it is clear that her findings are reflected in the RFC.  Plaintiff fails to explain how Endicott's opinion was **not** incorporated into the RFC.   As such, she fails to adequately state her argument.

## III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. To the extent that Plaintiff suggests that the record is open to another interpretation that favors his claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005).

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment (Doc. # 10) be **OVERRULED** and the Defendant's Motion for Summary Judgment (Doc. # 14)be **SUSTAINED**.

A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 15th day of March, 2026.



Signed By:

*David L. Bunning*    DB

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\SocialSecurity\MOOs\Ashland\24-125 Smith Moo.docx